UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ROBERT VALDES CLAUSELL,

      Appellant,         **MEMORANDUM & ORDER**

     - against -           14 CV 02691 (RJD)

87-10 51st AVENUE OWNERS CORP.,

      Appellee.
------------------------------------------------------------ x
DEARIE, District Judge.

  Pending before this Court is an appeal by Robert Valdes Clausell from a February 26, 2014 Order by United States Bankruptcy Judge Elizabeth S. Stong denying an application to reopen 87-10 51st Avenue Owners Corporation's Chapter 11 reorganization proceeding. For the reasons set forth below, the Bankruptcy Court's decision is AFFIRMED.

## BACKGROUND

  87-10 51st Avenue is a co-op building in Elmhurst, New York. Clausell is one of its residents and, at various times, has been one of the building's board members and managers. In 1992, members of the board of 87-10 51st Avenue commenced a proceeding in Supreme Court, Queens County, to resolve a disputed election. After a disagreement with other directors, Clausell intervened in the proceeding. The case was referred to a referee, and on October 10, 2000, the referee issued a decision finding, among other things, that Clausell had acted "grossly negligent" as the de facto manager of the co-op. The court entered a judgment against Clausell in the amount of $224,832. See Voss v. 87-10 51st Ave. Owners Corp., Index No. 023238/92 (N.Y. Sup. Ct. Nov. 27, 2000). Clausell appealed this decision, and on March 25, 2002, the Appellate Division, Second Department, affirmed the judgment against Clausell. See Voss v.

87-10 51st Ave. Owners Corp., 292 A.D.2d 622, 624, 740 N.Y.S.2d 371, 373 (N.Y. App. Div. 2002). It is unclear what efforts, if any, were made to collect this judgment.

On July 5, 2009, the 87-10 51st Avenue Owners Corporation (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A committee of unsecured creditors was created, and on April 16, 2010, that committee moved to enforce the state court judgment against Clausell. On January 25, 2011, the Bankruptcy Court authorized the creditor committee to take necessary steps to enforce the judgment and directed the creditor committee to file a proposed order. That proposed order was filed and then objected to by Clausell, but was never ultimately entered.

Instead, on August 15, 2011 a joint plan of reorganization for the Debtor was filed with the Bankruptcy Court. As relevant here, in consideration for releasing certain claims, paragraphs 4.2 and 7.4(f) of the plan provide Clausell with an allowed claim of $60,000, subordinated to all other unsecured creditors. In addition, paragraph 7.4(f) of the plan, as confirmed, provides that the Debtor, its equity holders, and creditors

> have irrevocably waived and released and discharged Clausell . . . from any and all claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising . . . based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date. In the event that the Debtor does not close on a refinancing of its obligations under this Plan on or before [December 31, 2011] . . . and the Debtor does not pay in full all its obligations under the Plan on or before [December 31, 2011], then, in that event, the release of Clausell will be subject to the limitation that it will not include claims related to fraud, gross negligence or breach of fiduciary duty.

Bankruptcy Record on Appeal, ECF No. 1, Ex. 18 (Joint Plan of Reorganization) at 30. The reorganization plan also provides in paragraph 6.14 that in making distributions the Debtor may

"set off against the distribution to be made pursuant to this Plan the claim, obligations, rights, causes of action and liabilities of any nature that the Debtor . . . may hold against the holder of an Allowed Claim." Id. at 25. On September 22, 2013, the Bankruptcy Court entered an order confirming the reorganization plan and retaining jurisdiction over the matter. See Bankruptcy Record on Appeal, ECF No. 1, Ex. 21 (Confirmation Order) at 16. Not until October 18, 2013 did the Debtor secure refinancing, allowing it to pay its secured lenders and unsecured creditors pursuant to the reorganization plan. Soon after, on November 4, 2013, the Bankruptcy Court entered a final decree, and on November 19, 2013, the case was closed.

But while the case was closed, Clausell had not been paid. On December 2, 2013, Clausell contacted counsel for the Debtor to inquire when he would be paid his claim of $60,000. He was told that prioritized claims were still being paid out, but then received a letter on December 20, 2013 from the co-op's management indicating that the Debtor has "been able to pay off all its creditors." Bankruptcy Record on Appeal, ECF No. 1, Ex. 26 (Application in Support of Order to Show Cause) at 182-83. Seemingly dissatisfied that he had still not been paid, Clausell filed an application on January 15, 2014 to reopen the bankruptcy proceeding for the limited purpose of entering a monetary judgment against the Debtor. The Debtor, unsurprisingly, objected to this application. On February 26, 2014, the Bankruptcy Court denied the application to reopen the case because "the balance of harms favor resolving the parties' dispute in the courts of the State of New York in light of this Court's reduced post-confirmation jurisdiction and the remedy that Mr. Valdes-Clausell seeks." Bankruptcy Record on Appeal, ECF No. 1, Ex. 29 (Feb. 26, 2014 Order).

On March 10, 2014, Clausell appealed the Bankruptcy Court's order denying his application to reopen.

DISCUSSION

A district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges under 28 U.S.C. § 158(a)(1). The primary issue to be resolved on this appeal is whether the Bankruptcy Court erred in declining to reopen the bankruptcy proceedings. Under section 350(b) of the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (2010); see also Fed. R. Bankr. P. 5010. "A bankruptcy judge's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) shall not be disturbed absent an abuse of discretion." In re Euro-Am. Lodging Corp., 549 F. App'x 52, 53 (2d Cir. 2014) (citing In re Chaladani, 92 F.3d 1300, 1307 (2d Cir. 1996)). "A district court has 'abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence,' or rendered a decision that 'cannot be located within the range of permissible decisions.'" Id. (quoting In re Sims, 534 F.3d 117, 132 (2d Cir. 2008)) (modification in original).

Although the Bankruptcy Code does not define "other cause" as used in section 350(b),[1] courts consider numerous factors including:

> (1) the length of time that the case was closed, (2) whether a non-bankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case, (3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum, (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen, (5) the extent of the benefit to the debtor by reopening, and (6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen.

---

[1] Clausell is not the debtor in the closed bankruptcy proceeding, and this appeal does not concern the administration of new assets. Therefore, there must be "other cause" to reopen the proceeding.

4

In re PlusFunds Grp., Inc., 505 B.R. 419, 426 (S.D.N.Y. 2014); see also In re I. Appel Corp., 300 B.R. 564, 571 (S.D.N.Y. 2003) ("courts typically examine the benefit to the debtor, the prejudice to the would-be defendant in the litigation, and the benefit to the creditors"), aff'd, 104 F. App'x 1999 (2d Cir. 2004).

The Bankruptcy Court applied this standard, emphasizing factors two and four, and determining that each weighed in favor of not reopening the case. That decision was not clearly erroneous. As the Bankruptcy Court correctly determined (and none of the parties dispute), Clausell could attempt to collect his allowed claim through a New York state court proceeding. See In re Euro-Am. Lodging, 549 F. App'x at 54 (debtor's former president's argument that a reorganization plan discharged fraud claims against him could be raised in state court); Paul v. Monts, 906 F.2d 1468, 1474-76 (10th Cir. 1990) (a party has a cause of action sounding in contract against a participant who breaches an obligation under a reorganization plan). "Although the bankruptcy court is in the best position to interpret its own orders . . . Congress granted state courts concurrent jurisdiction to consider bankruptcy issues arising from Chapter 11 proceedings." In re Apex Oil Co., Inc., 406 F.3d 538, 542 (8th Cir. 2005). Accordingly, the existence of an alternative forum for litigation weighs against reopening the bankruptcy case.

Additionally, the Bankruptcy Court's finding that Clausell was not prejudiced because of the existence of relief through state court is not clearly erroneous. Clausell argues that he would be prejudiced because litigating in state court would be time consuming and would waste resources, but these hassles are not a basis for finding that the Bankruptcy Court erred. See In re PlusFunds Group, 505 B.R. at 426 (declining to find that the Bankruptcy Court "abused [its] discretion by not considering the 'legally cognizable prejudice in the form of uncertainty, delay, and additional costs'" of an alternative forum).

Certainly there is an appeal to having the Bankruptcy Court, which is familiar with this case, resolve Clausell's complaint. But the court resolving the dispute between the parties will be forced to confront a number of fact-intensive questions raised in their briefs, including, among others: whether there is a valid judgment against Clausell; whether the board of 87-10 51st Avenue gave Clausell a valid release in 2007 (as he contends); whether enforcement of the judgment is barred by the statute of limitations; whether its collection is barred because it was not listed on a bankruptcy schedule; whether paragraph 7.4(f) of the reorganization plan released Clausell; whether paragraph 6.1 of the plan allows the Debtor to set off the judgment; and whether the carve-out to the release in paragraph 7.4 applies and covers the state court judgment. Resolution of these issues may require the calling of witnesses to determine the effect of releases or discovery into the state court judgment. Given that the bankruptcy proceeding was closed, Clausell's claim is small, and reopening the proceeding may be to "open a can of worms," the Bankruptcy Court was certainly within its discretion in declining to reopen the bankruptcy case.

The order of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

Dated: Brooklyn, New York
November 3, 2014

/s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge